**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Patricia Eggleston | **DEFENDANTS**<br>American Tax Services |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Justin Storer, Law Office of William J. Factor, Ltd., 105 W. Madison St., Suite 1500, Chicago, IL 60602 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>■ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ■ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Violation of automatic stay 11 U.S.C. 362; Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other    **1**

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
■ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)    **2**

| ■ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Patricia Eggleston | BANKRUPTCY CASE NO.<br>20-06384 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Jacqueline P. Cox | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Justin R. Storer | | | |
| DATE<br><br>5/3/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Justin R. Storer | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Patricia Eggleston**, | Bankruptcy No. 20-06384 |
| Debtor. | Honorable Jacqueline P. Cox |
| **Patricia Eggleston**, | |
| Plaintiff, | |
| v. | Adversary No. |
| **American Tax Solutions**, | |
| Defendant. | |

## COMPLAINT

Patricia Eggleston ("***Debtor***" or "***Plaintiff***"), brings this Complaint against American Tax Solutions (the "***Defendant***") for violation of the automatic stay pursuant to 11 U.S.C. § 362, for violation of Illinois's Consumer Fraud and Deceptive Business Practices Act, seeking damages for the foregoing, including punitive damages, and stating as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's Chapter 13 bankruptcy case, pending before this Court as case number 20-06384 (the "***Case***").

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28

U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

4. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Plaintiff consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

6. This proceeding is an adversary proceeding, pursuant to Federal Rules of Bankruptcy Procedure 7001(1).

## FACTS COMMON TO ALL COUNTS

7. On March 6, 2020, the Debtor commenced her chapter 13 case by filing a voluntary petition.

8. The commencement of the case occasioned the creation of the bankruptcy estate, which estate encompasses all legal or equitable interests of the debtor in property as of the commencement of the case, as well all property that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted, as well as earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted.

9. On March 18, 2020, the Internal Revenue Service filed its proof of claim in the Debtor's chapter 13 case.

10. On July 27, 2020, the Bankruptcy Court entered an order confirming the Debtor's amended chapter 13 plan.

11. The Debtor's chapter 13 plan, as confirmed, provided that the Debtor would pay the priority claim of the Internal Revenue Service in full, and would pay 1% of her allowed general unsecured claims.

12. The Debtor's chapter 13 case has not been closed, dismissed, or converted.

13. On or about April 15, 2022, the Debtor received a communication in the mail (the "**Solicitation**"). A true and correct copy of the Solicitation is attached hereto as Exhibit A.

14. The Solicitation was sent, or was caused to be sent, by the Defendant.

15. The Solicitation recites on its outer face, alongside the Debtor's name and address and visible to all who encounter the Solicitation, even before opening: "IMMEDIATE ACTION REQUIRED."

16. The Solicitation is styled a "Distraint Warrant."

17. The Solicitation repeatedly refers to itself as "[t]his warrant."

18. The Solicitation recites that (*sic*, generally) "[t]he Federal Tax Authorities uses the warrant in collection action, such as garnishment of wages and bank accounts, property seizures, federal tax refund offset, and creation of a property lien."

19. The Solicitation advises the Debtor that "[t]his warrant acts as a judgment against the debtor(s) and is a lien."

20. The Solicitation is designed to induce the Debtor to think that it is from a "Tax Resolution Unit," and is designed to induce the Debtor to think that this Tax Resolution Unit is a division of the government of Cook County, Illinois.

21. The Solicitation advises the Debtor that (again, *sic*) "[l]evying procedures will being within 15 days of it's receipt. You must respond by 4/28/2022, you must pay in full, or call (800) 217-7017 to avoid action."

22. The Solicitation advises the Debtor that, "[t]o avoid enforcement," she must call (800) 217-7087 by April 28, 2022.

23. This number, (800) 217-7087, is, or has been, owned, leased to, or controlled by the Defendant.

24. The Defendant issued the Solicitation seeking to cause the Debtor to engage the Defendant's services to resolve her debt to the Internal Revenue Service.

25. The Solicitation has caused the Debtor's counsel to expend time and effort researching the underlying circumstances, and advising the Debtor concerning its nature. The Solicitation has caused the Debtor's counsel to expend time and effort comforting the Debtor and assuaging her worries with reference to the efficacy of the stay, the viability of her plan, and related matters.

26. Efforts expended counseling a Debtor subsequent to an attempted postpetition deception are "extraordinary services" as contemplated in the Debtor's chapter 13 "Court-Approved Retention Agreement" (see dkt. 1 in the Debtor's bankruptcy case).

### COUNT 1 – VIOLATION OF THE AUTOMATIC STAY

27. The Debtor incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

28. This Count is pled in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

29. Section 362(a)(3) of the Bankruptcy Code provides that a petition filed in bankruptcy "operates as a stay, applicable to all entities, of[…] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" (*emphasis added*).

30. In issuing the Solicitation, or causing the Solicitation to be issued, the Defendant was attempting to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate, to wit, the Debtor's earnings and income.

31. The Debtor's earnings and income are necessary for her performance under her chapter 13 plan.

32. In issuing the Solicitation, the Defendant was attempting to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate, out of the ordinary course of the Debtor's business.

33. In issuing the Solicitation, the Defendant was attempting to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate, for less than reasonably equivalent consideration.

34. In issuing the Solicitation, the Defendant was attempting to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate, in a manner that would (if successful) cause material harm to the Debtor's ability to perform under her plan.

35. In issuing the Solicitation, the Defendant was pressuring the Debtor to pay her debt to the Internal Revenue Service, with the Defendant's assistance.

36. Section 362(k)(1) of the Bankruptcy Code provides that an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

37. Section 105(a) of the Bankruptcy Code further provides that the Bankruptcy Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

38. The Debtor has suffered actual damages, including costs and attorneys' fees.

39. The circumstances attendant to the Solicitation warrant punitive damages.

**WHEREFORE** the Debtor, Patricia Eggleston, prays this Court enter a judgment in her favor, and against the Defendant, in an amount to be determined at trial, and that this Court issue such other and further relief as it deems just and proper.

### COUNT 2 – VIOLATION OF ILLINOIS'S CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

40. The Debtor incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

41. This Count is pled in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

42. Illinois's Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, provides that unfair or deceptive acts or practices, in the conduct of any trade or commerce, are unlawful whether any person has in fact been damaged, deceived, or misled thereby.

43. The Solicitation, as it endeavors to appear to be issued by a government agency, as it seeks to induce prompt response from the Debtor, and as it falsely threatens civil enforcement action against the Debtor's income and assets, is offensive to public policy, immoral, unethical, oppressive, and unscrupulous.

44. In issuing the Solicitation, or causing the Solicitation to be issued, the Defendant was engaged in an unfair or deceptive act or practice.

45. In issuing the Solicitation, or causing the Solicitation to be issued, the Defendant was engaged in trade or commerce.

46. The Solicitation has caused the Debtor actual damages.

47. Any person who suffers actual damage as a result of a violation of the Consumer Fraud and Deceptive Business Practices Act by any other person may bring an action against such person. 815 ILCS 505/10a. The Court, in its discretion, may award actual economic damages or any other relief which the Court deems proper, including punitive damages.

48. Section 105(a) of the Bankruptcy Code further provides that the Bankruptcy Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

49. The Debtor has suffered actual damages, including costs and attorneys' fees.

50. The circumstances attendant to the Solicitation warrant punitive damages.

**WHEREFORE** the Debtor, Patricia Eggleston, prays this Court enter a judgment in her favor, and against the Defendant, in an amount to be determined at trial, and that this Court issue such other and further relief as it deems just and proper.

Dated: May 3, 2022                                **Patricia Eggleston,**

                                                  By: */s/ Justin R. Storer*
                                                  One of her attorneys

Justin Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 373-7226
Fax:   (847) 574-8233
Email: jstorer@wfactorlaw.com