# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>**Patricia Eggleston,**<br>        Debtor. | Chapter 13<br><br>Bankruptcy No. 20-06384<br><br>Honorable Deborah L. Thorne |
| **Patricia Eggleston**,<br>        Plaintiff,<br>v.<br>**American Tax Solutions**,<br>        Defendant. | Adversary No. 22-ap-00068 |

## NOTICE OF MOTION

**Please take notice** that, on **September 7, 2022, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Deborah L. Thorne, or any judge sitting in her place and stead, and shall then and there present this **Motion for Entry of Default and Default Judgment**, a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's page on the court's web site.

{00226191}

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Dated: August 31, 2022 | **Patricia Eggleston**, |
| | By: /s/ Justin R. Storer |
| | One of Her Attorneys |

Justin R. Storer (ARDC 6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Email: jstorer@wfactorlaw.com

Case 22-00068    Doc 8    Filed 08/31/22    Entered 08/31/22 13:22:53    Desc Main
                    Document      Page 3 of 9

## CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on August 31, 2022.

/s/ Justin R. Storer

## SERVICE LIST

**Non-Registrants**
(Service via first-class mail)

American Tax Solutions
Attn: Geoff Plourde
1055 W. 17th St., Ste. 1600
Los Angeles, CA 90017

American Tax Solutions
Attn: Tyler Bennett
1055 W. 17th St., Ste. 1600
Los Angeles, CA 90017

Rishi Agrawal
The Agrawal Firm, LLC
415 N. LaSalle St., Suite 300A
Chicago, IL 60654

{00226191}

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| **Patricia Eggleston,** | Bankruptcy No. 20-06384 |
| Debtor. | |
| | Honorable Deborah L. Thorne |
| **Patricia Eggleston**, | |
| Plaintiff, | |
| v. | |
| **American Tax Solutions**, | Adversary No. 22-ap-00068 |
| Defendant. | |

## MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Because the American Tax Solutions has failed to answer or otherwise respond to the adversary complaint, Patricia Eggleston seeks entry of an order of default and default judgment against it, and in her favor, pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure.

### 1. JURISDICTION.

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned adversary proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2).

{00226191}

## 2. BACKGROUND.

4. On March 6, 2020, Patricia Eggleston filed a petition for relief under chapter 13 of the Bankruptcy Code. Her chapter 13 plan was confirmed on July 27, 2020.

5. On May 3, 2022, Patricia Eggleston filed her complaint against American Tax Solutions to commence this matter. She alleged that a flyer she received, replete with misleading and threatening information about her exposure to collection activity relating to tax liability that was being treated in her plan, and which was seeking to induce her to engage American Tax Solutions, was an attempt to obtain control of bankruptcy estate property – the postpetition income with which she would hire American Tax Solutions – as well as being violative of Illinois's Consumer Fraud and Deceptive Business Practices Act. (See attached Exhibit A to this Motion; the correspondence at issue is that document's Exhibit A.)

6. The solicitation is designed to look like it was issued by a government agency, is styled a "distraint warrant," refers to itself as "[t]his warrant" and says that it is used in collection action, such as garnishment of wages and bank accounts, property seizures, federal tax refund offset, and creation of a property lien. It says that it acts as a judgment and is a lien, and that levying procedures will begin within 15 days of the Plaintiff's receipt of the warrant.

7. That same day, the Clerk issued a Summons (the "*Summons*"). *See* Adv. Dkt. No. 2.

8. That same day, the Debtor served the Summons and the Complaint in accordance with Fed. R. Bankr. P. 7004. *See* Adv. Dkt. No. 3.

9. The Defendant was properly served and has not responded to the Complaint. An Illinois-licensed attorney has been in contact with the undersigned movant, representing himself as the Defendant's local counsel. He has not appeared in this matter. He has repeatedly indicated to the undersigned that a motion to dismiss the complaint would be filed. No such motion has been filed as of this writing. (From an abundance of caution, he is being served with this Motion.)

### 3. DISCUSSION.

10. When a defendant does not defend an adversary proceeding, the defendant may be held in default and a default judgment entered against it. Fed. R. Civ. P. 55 (made applicable by Fed. R. Bankr. P. 7055). Obtaining a default judgment is a two-step process. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "Once the default is established, and thus the liability, the plaintiff still must establish his entitlement to the relief he seeks." *Id*.

#### 3.1. American Tax Solutions is in default because he has not responded to the Complaint.

11. The first step under Rule 55(a) is for an entry of an order of default.[1] Entry of an order of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a) (made applicable by Fed. R. Bankr. P. 7055). The supporting declaration must verify "(a) that the defendant was served properly with the complaint, summons, and notice of service; (b) that the defendant did not answer, defend, or respond to the Complaint; and (c) that the time for a response had expired." *Target Nat'l Bank v. Redmond (In re Redmond)*, 399 B.R. 628, 632 (Bankr. N.D. Ind. 2008). Here, American Tax Solutions was properly served and has not responded to the Complaint, and the time for responding to the Complaint has expired. *See* Adv. Dkt. *generally*. It should therefore be found in default.

#### 3.2. A default judgment should be entered.

12. "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th

---

[1] Although Rule 55 contemplates an entry of default being made by the Clerk of the Court, pursuant to Local Rule 7055-2 for the United States Bankruptcy Court in the Northern District of Illinois, default motions are to be submitted to the court for entry by the judge rather than the clerk.

Cir. 2004). "A plaintiff must prove a prima facie case of the allegations in a complaint in order to succeed on a motion for default judgment." *Target Nat'l Bank*, 399 B.R. at 633. "For purposes of a motion for entry of default judgment, the Court may accept as true all well pleaded allegations in the Complaint, and all reasonable inferences drawn from such facts, as true." *Sec. Inv'r Prot. Corp. v. R.D. Kushnir & Co.*, 267 B.R. 819, 824 (Bankr. N.D. Ill. 2001).

> 3.2.1. *In Count 1, the Plaintiff states a claim to relief for violating the automatic stay.*

13.     Section 362(a)(3) of the United States Bankruptcy Code provides that the filing of a petition for relief operates as a stay applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"

14.     By its plain terms, this provision of the Bankruptcy Code is not confined to creditors who are attempting to enforce a claim against the Debtor. *In re Windstream Holdings, Inc.*, 627 B.R. 32, 42 (Bankr. S.D.N.Y. 2021), *citing National Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708 (7th Cir. 1994).

15.     An "act" requires something be done or performed, a deed. *City of Chicago v. Fulton*, 141 S.Ct. 585, 590 (2021). Sending a misleading solicitation is an act.

16.     The solicitation received by the Debtor was issued, or caused to be issued, by the Defendant.

17.     Intentionally-deceptive advertising that interferes with estate property is stayed by 11 U.S.C. 362(a)(3). *Cyganowski v. Biolitec U.S., Inc.*, 2015 WL 351201 at *9-12 (Bankr. D.N.J. 2005), *Alert Hldgs., Inc. v. Interstate Protective Services, Inc.*, 148 B.R. 194, 202-203 (Bankr. S.D.N.Y. 1992). While caselaw most-often focuses on misleading advertising that harms a Debtor's contracts or goodwill, the purpose of the automatic stay – to vouchsafe the integrity of the debtor's estate – applies in this instance, as well; whatever method of compensation the Defendant foresaw

receiving from the Plaintiff, that compensation would be comprised of estate property under 11 U.S.C. 541(a) and 1306.

18. "No reasonable person would believe that [Defendant's] advertising campaign, designed to use false and knowingly misleading information… did not harm property interests of the [Plaintiff]." *Windstream Holdings*, 627 B.R. at 47.

19. Though unsuccessful, the Defendant's misleading attempt to induce the Plaintiff to engage them for unnecessary services has caused the Plaintiff emotional harm, in addition to costs relating to attorneys' costs and fees.

20. Section 362(k)(1) of the Bankruptcy Code provides that an individual injured by any willful violation fo the automatic stay may recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. Section 105(a) of the Bankruptcy Code provides that the Court may issue any order, process, or judgment that is necessary to carry out the provisions of the Bankruptcy Code.

21. The Plaintiff has established her claim that the Defendant has violated the automatic stay, seeking to obtain or exert control over estate property.

### 3.2.2. *In Count 2, the Plaintiff states a claim for violation of Illinois's Consumer Fraud and Deceptive Business Practices Act.*

22. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, provides that unfair or deceptive acts or practices, in the conduct of any trade or commerce, are unlawful whether any person has been damaged, deceived, or misled thereby.

23. The solicitation that the Plaintiff received was offensive to public policy, immoral, unethical, oppressive, and unscrupulous. Its being issued was a deceptive act.

**Wherefore**, the Plaintiff respectfully requests that this Court:

a. Enter an order of default against American Tax Solutions, and

b. Enter judgment in her favor against American Tax Solutions on Counts 1 and 2 of her complaint, and

c. Issue further relief as this Court may deem just and proper.

Dated: August 31, 2022

Respectfully submitted,

**Patricia Eggleston,**

By: /s/ Justin R. Storer
One of Her Attorneys

Justin R. Storer (ARDC 6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226
Email: jstorer@wfactorlaw.com