**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **PATRICIA EGGLESTON**, | Bankruptcy No. 20-06384 |
| Debtor. | |
| **PATRICIA EGGLESTON**, | Honorable Jacqueline P. Cox |
| Plaintiff, | Adversary No. 22-00068 |
| v. | |
| **AMERICAN TAX SOLUTIONS**, | |
| Defendant. | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION**
**TO MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT**

I. <u>INTRODUCTION</u>

Defendant respectfully requests the court to vacate the Default and Default Judgment because Plaintiff's Opposition seeks to defend the default and default judgment despite the serious concerns associated with this case. Plaintiff fails to consider the inequity that would arise from the failure to vacate the default judgment by allowing Plaintiff to successfully assert the automatic stay provision against Defendant.

II. <u>GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT AND DEFAULT JUDGMENT.</u>

There is good cause to set aside the Default and Default Judgment because the Summons was incorrect, Service was improper, and Plaintiff failed to calendar a proper response time on their Opposition to the Motion to Vacate.

A. <u>Inadvertence is Sufficient to Set Aside the Default.</u>

According to Federal Rules Bankruptcy Proc. Rule 7004(b)(3) & (8), 11 U.S.C.A., the summons and complaint must both be properly served.

a. <u>Summons was Improper and there was no actual notice.</u>

Here, the Summons issued by the Clerk of Court on May 3, 2022, was for Defendant American Tax Services, which allegedly was not the intended defendant. Plaintiff attempts to dismiss this error by asserting this was a scrivener's error, and states that the Complaint always contained the proper defendant. The question is whether Defendant should be responsible for the lack of clarity here, for Defendant's failure to know with certainty who the intended defendant was, and for Plaintiff's failure to clarify the confusion? It is not obviously apparent whether the intended defendant was American Tax Services or American Tax Solutions, as both companies were in existence at the time the suit was filed.

Plaintiff's assertion that there was notice because Defendant's counsel was in communication with Plaintiff's counsel is insufficient. Plaintiff should have taken steps to timely correct this inadvertent error, however Plaintiff failed to do so. Instead, Plaintiff waited more than 3 months after the Complaint was filed, and amended the Court docket on August 5, 2022, to reflect the intended Defendant. After making this amendment, Plaintiff failed to provide notice to Defendant or to Defendant's counsel of record, nor did Plaintiff properly serve Defendant at that time. Plaintiff also failed to calendar the proper response time for Defendant's response. Plaintiff asserts Defendant's counsel was notified of this amendment,

however, Defendant's counsel is not Counsel of Record, a fact that Plaintiff's counsel should have known. Plaintiff fails to assert that notice was provided to Defendant or counsel of record.

Accordingly, the Court should find that the incorrect Summons plus the failure to provide actual notice once Plaintiff amended the Defendant is sufficient to set aside the Default and Default Judgment.

      b. <u>Service was improper, therefore there is good cause to set aside the Default and Default Judgment.</u>

Here, Plaintiff did not properly serve Defendant as it appears the Summons and Complaint were not mailed to the correct address on record. *Dkt. 3*. The Certificate of Service states the summons and copy of the Complaint were mailed to 1055 W. 17th Street, Suite 1600 Los Angeles CA 90017, which is the incorrect address. *Id*. The correct address is 7th Street, not 17th Street. This error is quite fatal in terms of the presumption that service was proper.

Although it is true that much of the case law on this matter provides some leniency, the intent of the leniency behind Rule 7004 is not to permit for the total failure of service. Plaintiff may attempt to ascribe scrivener's error to this service issue as well, however any explanation would be insufficient and would not change the fact that the Summons and Complaint were not mailed to the proper address on file. FED. R. BANKR.P. 7004(b)(3). For the record, Defendant did not respond to the Complaint within the proper time because Defendant did not receive notice in the mail as required by FRBP 7004(b)(3) and (8), but rather became aware of this lawsuit when it performed a search of PACER (Public Access to Court Electronic Records), a search which Defendant performs periodically.

Accordingly, this Court is empowered to set aside the default based on Defendant not being properly served by mail. Defendant's prompt action in responding to the default and

3

default judgment means that the default and default judgment can and should be set aside to allow this matter to be decided on the merits.

    B.  <u>Excusable Neglect Allows the Default Judgment to be Set Aside.</u>

Under Rule 60(b)(1), a court may set aside a default judgment for "excusable neglect." "[T]he three disjunctive factors used to determine if 'excusable neglect' could permit setting aside the [a defendant's] default [are]: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Peltz v. Com Services, Inc. (In re USN Communications, Inc.),* Case Nos. 99-383 through 99-395 (PJW), Jointly Administered, Adv. Proc. No. 00-1882 (Bankr. D. Del. Jan. 17, 2003), *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015). The Second Circuit has repeatedly reminded the trial courts that default judgments are disfavored. "[D]efault judgment is an appropriate sanction for defaults that arise from egregious or deliberate conduct." *DirecTV, LLC v. Wright*, Case # 15-CV-474-FPG (W.D.N.Y. Sep. 19, 2018), *Lustig v. Blakesley (In re Blakesley)*, No. 19-20566-PRW (Bankr. W.D.N.Y. Dec. 16, 2021). Here, there is no evidence that Defendant's conduct was egregious or deliberate.

    a.  <u>The Default Judgment Was Not the Result of Defendant's Culpable Conduct.</u>

The Court should determine whether Defendant's failure to file an answer was the result of Defendant's own culpable conduct. Culpable conduct is defined as actions taken willfully or in bad faith. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653 (3d Cir. 1982). Mere negligence does not amount to culpable conduct. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984), *Peltz v. Com Services, Inc. (In re USN Communications, Inc.)*, Case Nos. 99-383 through 99-395 (PJW), Jointly Administered, Adv. Proc. No. 00-1882, (Bankr. D. Del. Jan. 17, 2003). A

4

defendant's conduct is culpable when he has "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001). A defendant may be found culpable if it has "received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id*. at 697. The term "intentionally" does not mean a court can treat a defendant as culpable "simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional.'" TCI Grp., 244 F.3d at 697-98.

Defendant's contact with opposing counsel and participation in settlement negotiations evidences an intent to defend against the suit and comply with the judicial process. It was a challenging decision for Defendant to determine whether the proper avenue to pursue for this case was to go the route of Rule 9011 to understand if there was a good faith basis for Plaintiff even bringing this Complaint. At no point does the evidence indicate that Defendant made a conscious choice not to answer, and in fact the evidence as Plaintiff has acknowledged, shows Defendant at all times did have the intent to answer. The evidence does not show that Defendant acted with bad faith such as with the intent to take advantage of Plaintiff, interfere with the judicial decision-making process, or otherwise manipulate the legal process. The day after the filing of the Default Judgment, Defendant submitted their response which helps to show that Defendant's conduct was not culpable.

      b. <u>Defendant Has a Meritorious Defense to the Underlying Causes of Action in the Complaint.</u>

There are numerous meritorious defenses to set aside a default judgment in this case. Defendant's claims as presented in the Motion to Dismiss provide sufficient legal arguments and facts, which will not fully be reiterated here in detail, however, such claims would result in a complete defense if allowed to be proven at trial.

As relating to the alleged 11 USCA § 362 automatic stay violation, this provision does not apply to Defendant. It appears this case presents an issue of first impression: whether the intent behind the automatic stay provision was to ascribe limits on the First Amendment free speech rights of advertising activities to a debtor in bankruptcy proceedings, by someone or entity with no prior interest, link, or relationship in debtor's estate. Contrary to what Plaintiff argues, whether advertising is intentionally deceptive or truthful will not change whether an advertisement sent to debtor is a violation of the automatic stay provision. Such an action does not apply to § 362 and Defendant should not be liable because there was no prior interest, link, or relationship with Debtor's estate.

The crucial distinguishing factor between our case and the cases cited by Plaintiff are that each of those cases involve parties with some type of pre-existing relationship preceding the allegedly violating "act." Each case involved some action by a non-debtor against a debtor, such that the action would have some legal effect on the debtor's estate, such as by interfering with a commercial contract, or an insurance contract, or actively seeking to convert or override exclusive contracts between the parties. In the present case, as previously stated in Defendants Motion to Dismiss, there was no prior relationship between Debtor and Defendant, Defendant had no security interest against Debtor's estate, is not a creditor of the estate, and has not

actively or passively sought to interfere with estate property. *In re Windstream Holdings, Inc.,* No. 21-CV-4552 (CS), 2022 WL 5245633, at *8 (S.D.N.Y. Oct. 6, 2022).

To allege that mailing the Solicitation interfered with the estate because Debtor would have paid for Defendant's services with estate property is such a far stretch from the intended scope of the automatic stay provision. To apply this provision to Defendant in the present case would mean that there should be no distinction between Defendant's Solicitation and an advertisement sent by a CPA or attorney, or real estate agent, offering services to Debtor. You are left with a slippery slope that results in an automatic stay violation from the act of sending marketing material to a debtor by any individual or entity, even if they have no claim or contractual link to the debtor's estate. It is unimaginable that this was the intent behind the creation of the automatic stay provision.

Plaintiff attempts to distinguish truthful advertising from intentionally deceptive advertising, however this distinction is inconsequential. As seen in the recent District Court reversal of *In re Windstream Holdings*, "[t]he mere fact that the conduct may be wrongful or unlawful does not automatically convert it into a violation of the automatic stay. *In re Windstream Holdings, Inc.,* No. 21-CV-4552 (CS), 2022 WL 5245633, at *8 (S.D.N.Y. Oct. 6, 2022). Although this case is not technically binding law, the Court's opinion is very helpful to the present matter. Absent a contract or requirement binding debtor to defendant, it cannot be found that defendant's advertisement was a violation of the automatic stay provision. *Id.* This District Court's reversal opinion indicates the intent for a wide latitude of advertising activity without the finding of an automatic stay violation. Whether the Solicitation sent by Defendant was intentionally deceptive, false, and misleading, will not change the fact that an advertisement sent to a debtor, by someone with no claim to debtor's estate is not a violation of the automatic

stay and is misconstruing the intent behind the automatic stay provision. Additionally, this entire claim appears to be an improper attempt by Plaintiff to forum shop an Illinois Deceptive Business Practices Act into the more lenient bankruptcy court.

Defendant's Motion to Dismiss is far from a general denial or the mere assertion of bare legal conclusions. Defendant has presented a developed legal and factual basis to support the claim that the automatic stay violation should not apply to Defendant and that the claims asserted in the Motion to Dismiss would provide a complete defense for Defendant.

c. <u>Plaintiff Will Not Be Prejudiced if the Default Judgment is Vacated.</u>

To show prejudice, there must be a loss of evidence, the increased potential for collusion or a substantial reliance on the judgment. *In re O'Brien Environmental Energy, Inc*., 188 F.3d 116, 127 (3d Cir. 1999). The matter of prejudice has previously been discussed in Defendant's Motion to Dismiss; it does not appear from any evidence that setting aside the default judgment will result in the loss of evidence, the increased potential for collusion or that Plaintiff has substantially relied on this judgment. Additionally, Plaintiff failed to provide any evidence that Plaintiff will be prejudiced if the default judgment is vacated. Therefore, no prejudice to Plaintiff will result from the default judgment being set aside.

C. <u>Plaintiff Failed to Serve Defendant as Required by Law.</u>

Under Federal Rules of Bankruptcy Procedure, Rule 7012(b): "Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings." In turn, under Federal Rules of Civil Procedure, Rule 12(b)(5), "a party may assert the following defenses by motion…insufficient service of process." As it relates to service of process, FRBP 7004(a)(1) provides that "Rule 4…(m) F.R.Civ.P. applies in adversary proceedings."

8

In turn, Federal Rules of Bankruptcy Procedure, Rule 7004(b)(3) provides that where service is to be made "[u]pon a domestic or foreign corporation or upon a partnership … by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…" and 7004(b)(8) provides that service "[t]o an agent of such defendant authorized … to receive service of process, at …. the place where the agent regularly carries on a business or profession…."

There is a rebuttable presumption of proper service when a party mails a properly addressed document. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993). When "the defect in service is established on the face of the return," no further evidence is required by the defendant to establish the defect. [See *Mann v. Castiel* (DC Cir. 2012) 681 F3d 368, 373]." *Challenging Defective Service*, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-I, 5:350. However there have been cases where the court held certain evidence was sufficient to uphold the presumption that service was proper even with a defect on the face, such as where the last digit of the zip code was missing but the rest of the address was proper. *In re Longardner Associates, Inc.*, 855 F.2d 455 (7th Cir. 1988), *Horn v. Intelectron Corp.*, 294 F. Supp. 1153 (S.D.N.Y. 1968).

Here, service was not sent to the address of record. Plaintiff mailed the envelope to 17th Street rather than the proper 7th Street. This evidence is sufficiently strong to overcome the presumption of proper service because an incorrect street address, on its face, is significantly more impactful than a missing last digit of a zip code because the US Post Office would actually be able to deliver to the improper address written by Plaintiff, whereas with a missing zip code digit, delivery would seem problematic.

The proper mailing address for Defendant is easily ascertainable and as a result, even the unintentional failure to comply with FRBP 7004 does not appear to be a good enough excuse for this Court to ignore Plaintiff's lack of compliance with FRBP 7004. Plaintiff's numerous additional mistakes with the intended Defendant's name, the failure to provide Notice of the amendment, and the improper calendaring, all indicate sufficient reasons for the Court to set aside the Default and Default Judgment.

Consequently, the presumption of proper service should be precluded on this matter. Defendant respectfully requests the Court to dismiss the Complaint pursuant to Rule 12(b)(5) for insufficient process.

III. <u>CONCLUSION AND RELIEF REQUESTED</u>

For the reasons set forth above, Defendant respectfully requests the Court enter an order to vacate the Notice of Default and Default Judgment.

                              Respectfully Submitted,

                              _/s/ Rishi Agrawal_____

Attorneys for American Tax Solutions
Rishi Agrawal
The Agrawal Firm, LLC
415 North LaSalle Street, Suite 300A
Chicago, IL 60654
\312-527-5440 (O)
312-399-1697 (M)

                              *Attorney for Defendant American Tax Solutions*

**CERTIFICATION OF SERVICE**

The undersigned attorney of record certifies that he electronically filed this document with the Clerk of Court using the CM/ECF filing system on October 26, 2022, and thus caused a true and correct copy of the foregoing to be served on all attorneys of record vis the Court's CM-ECF filing system.

By: _/s/ Rishi Agrawal